452 So.2d 1079 (1984)
Betty REESE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2015.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
As Corrected July 25, 1984.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Affirmed. Although we affirm appellant's conviction and sentence for aggravated battery, we join our sister court, the First District, in certifying the following issue as one of great public importance:
If the state has the burden to prove beyond a reasonable doubt that a defendant was sane at the time of the offense when the defense of insanity has been raised, is the giving of the present insanity instruction, as set forth in Standard Jury Instruction 3.04(b), along with the general reasonable doubt instruction sufficient, notwithstanding the defendant having specifically requested the court to instruct the jury that the state must prove beyond a reasonable doubt that the defendant was sane at the time of the offense?
See Yohn v. State, 450 So.2d 898 (Fla. 1st DCA 1984).
HURLEY and WALDEN, JJ., concur.
ANSTEAD, C.J., concurs in part and dissents in part with opinion.
ANSTEAD, Chief Judge, concurring in part and dissenting in part:
I agree with the majority's conclusion that the trial court did not err in admitting expert testimony as to the general incidence *1080 in the population of the alleged mental infirmity that formed the basis of Reese's insanity defense. See, e.g., Rodriguez v. State, 413 So.2d 1303 (Fla. 3d DCA 1982). I disagree, however, with the conclusion that Reese was not entitled to an instruction, under the current state of Florida law, as to the state's burden to prove her sanity.
The Florida Standard Jury Instruction on insanity which was given here makes no reference to the burden of proof:
An issue in this case is whether the Defendant was legally insane when the crime allegedly was committed. You must assume she was sane unless the evidence causes you to have a reasonable doubt about her sanity.
If the Defendant was legally insane, she is not guilty. To find her legally insane, these three (3) elements must be shown to the point you had a reasonable doubt about her sanity:
One, the Defendant had a mental infirmity, defect or disease;
Two, the condition caused the Defendant to lose her ability to understand or reason accurately;
And three, because of the loss of these abilities, the Defendant did not know what she was doing or did not know what  or did not know what would result from her actions, or did not know it was wrong, although she knew what she was doing and its consequences.
In my view, this instruction is not a correct statement of Florida law and the instruction, at least inferentially, suggests that the burden is upon the defendant, since it is the defendant who has asserted insanity as a defense, that must prove the elements of an insanity defense. That the instruction is, at a minimum, unclear as to who has the burden to do what is further evidenced in this case by the repeated inquiries by the jury as to who had the burden of proof.
In Parkin v. State, 238 So.2d 817 (Fla. 1970), the Florida Supreme Court set out the law on this issue:
It is a cornerstone of a workable system of criminal law that every person is presumed sane, and capable of controlling their actions and being held responsible for these actions. M'Naghten's Case, 10 Clark & F. 200, 8 English Reprint 718 (1843); Hodge v. State, 26 Fla. 11, 7 So. 593 (1890). Obviously, this is only a presumption, and may be overcome. When the presumption of sanity is rebutted, then the State must prove sanity beyond every reasonable doubt, just as it must other elements of the offense. Hodge v. State, supra. Id., at 821; See Hodge v. State, 26 Fla. 11, 7 So. 593 (1890) (e.s.)
This law is virtually identical to the federal rule.[1]United States v. Manetta, 551 F.2d 1352 (5th Cir.1977). However, the federal jury instructions specifically inform the jury of the prosecution's burden of proof on this issue, unlike the Florida instructions which do not. See, e.g., Fifth Circuit Special Pattern Instruction No. 10, Pattern Jury Instructions (Criminal Cases) (5th Cir.1978).[2]
*1081 Since Florida case law is clear that once the presumption of sanity is rebutted the prosecution must prove sanity beyond every reasonable doubt, Reese was entitled to have the jury informed of this. In fact, under federal law, the trial court decides as a matter of law whether any competent evidence of insanity has been presented at trial so as to create an issue as to the defendant's sanity. Once that determination is made the case proceeds with the prosecution carrying the burden of proof on the sanity issue and the jury being so informed. That would appear to be the procedure contemplated by Parkin.
Contrary to the federal procedure and the law set out in Parkin, the Florida standard instructions make no reference to burden of proof. The standard instruction is in two parts, the first part states that insanity is an issue and that the jury must assume that the defendant is sane unless the proof "causes you to have a reasonable doubt about her sanity." While arguably the instruction is a correct statement of the law to this point, it obviously says nothing about the burden of proof. I say the instruction is arguably correct because it is true that there is a presumption of sanity under the law, but that presumption ceases to exist in the face of competent evidence to the contrary, and once it does the prosecution bears the burden of proving sanity "beyond a reasonable doubt." Again, arguably the provision that "unless the evidence causes you to have a reasonable doubt about her sanity" is correct since the jury is bound to find the defendant legally insane for purposes of defense if the evidence creates "a reasonable doubt about her sanity." The bottom line is that this instruction says nothing about the burden of proof, a burden critically important to every defendant since in many cases the only "defense" available to a defendant is the contention that the state has not carried its heavy burden of proof.
The second part of the standard instruction states the issue as a defense issue: "If the defendant was legally insane, she is not guilty." Again, this framing implicitly suggests the burden is upon the defendant to establish the defense of insanity. That burden is made more explicit by the remainder of the instruction which says: "To find her legally insane, these three (3) elements must be shown to the point you had a reasonable doubt about her sanity." Shown by whom? Obviously by the defendant, who has raised the issue. This is contrary to the federal scheme and the scheme contemplated by Parkin. This instruction confuses the burden of presenting some competent evidence as to insanity, commonly referred to as the burden of going forward with evidence, with the ultimate burden of proof. The instruction erroneously suggests that the burden of proof is upon the defendant to establish a reasonable doubt as to his sanity. Under Parkin and the federal cases the defendant only has to submit some competent proof, the sufficiency of which is to be determined by the court as a matter of law, in order to create a triable issue as to his sanity and the burden of proof thereafter rests upon the state to establish his sanity beyond a reasonable doubt.
Interestingly, there is no constitutional mandate for the state to assume the burden of proof on the sanity issue. Rather, the United States Supreme Court has ruled that the states are free to impose the burden of proof on the defendant if they so choose. Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). However, it is clear that Florida, like the federal courts, has opted for a procedure that puts the burden of going forward with the evidence on the defendant but still requires the prosecution to shoulder the burden of proof. Perhaps this is an appropriate time for the Florida Supreme Court to reconsider that policy. For that reason, and the obvious lack of clarity in the standard jury instructions on this issue, I join with my colleagues *1082 in certifying this issue as one of great public importance.
NOTES
[1] It may be that the Florida Supreme Court has adopted a rule allowing the jury to determine whether the presumption of sanity has been sufficiently rebutted to create a burden of proof upon the state to prove sanity. See Holmes v. State, 374 So.2d 944, 948 (Fla. 1979). This would create a complicated procedure whereby the jury would apparently start out with the presumption of sanity, then consider whether the presumption has been overcome by proof establishing a reasonable doubt as to sanity (with the burden presumably upon defendant to establish this reasonable doubt), and then, assuming that the defendant has established a reasonable doubt, the burden of proof would shift to the prosecution to prove sanity beyond any reasonable doubt. This is a confusing concept at best, but perhaps it forms the basis of the present standard instruction. However, even if this is accepted as the current state of the law, the defendant would be entitled to have the jury told about the state's burden of proof once the presumption of sanity is rebutted. The standard instruction nowhere informs the jury of this point.
[2] The Fifth Circuit Special Pattern Instruction No. 10 on insanity provides:

There is an issue in this case concerning the sanity of the Defendant at the time of the acts or events alleged in the indictment.
The sanity of the Defendant at the time of an alleged offense must be established by the Government beyond a reasonable doubt because willful intent, as you have been instructed, is an essential element of the offense charged, and a person who is insane is not capable of forming such intent.