476 So.2d 123 (1985)
Tura YOHN, Petitioner,
v.
STATE of Florida, Respondent.
No. 65,504.
Supreme Court of Florida.
July 11, 1985.
Rehearing Denied October 7, 1985.
Robert B. Staats of Staats, Overstreet & White, Panama City, for petitioner.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
The First District Court of Appeal certified to this Court the following question:
If the state has the burden to prove beyond a reasonable doubt that a defendant was sane at the time of the offense when the defense of insanity has been raised, is the giving of the present insanity instruction, as set forth in standard jury instruction 3.04(b), along with the general reasonable doubt instruction sufficient, notwithstanding the defendant having specifically requested the Court to instruct the jury that the state must prove beyond a reasonable doubt that the defendant was sane at the time of the offense?
*124 Yohn v. State, 450 So.2d 898, 901 (Fla. 1st DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner was convicted of manslaughter for the shooting death of a woman who had been having an affair with petitioner's husband. In her appeal to the First District Court of Appeal, petitioner raised several points, but the district court only concerned itself with one, i.e., whether the trial court erred in refusing to instruct the jury that the state had the burden of proving beyond a reasonable doubt that the defendant was sane. The district court concluded there was no error. We do not agree.
At the trial, petitioner raised the defense of insanity. The expert testimony received at trial regarding this issue was conflicting.
Petitioner's counsel requested the following special jury instructions relating to the defense of insanity:
Appellant's requested jury instruction No. 8:
You are instructed that where the Defendant, as in the present case, raises the issue of insanity as a defense and presents evidence that at the time of the commission of the offense he was insane, there is no longer any presumption of sanity. In that instance the burden of proof shifts to the state of Florida and the state of Florida must prove, beyond a reasonable doubt, that the Defendant was sane at the time of the alleged offense. Thus, in the present case if the state of Florida fails to present evidence sufficient to convince you beyond a reasonable doubt that the Defendant was sane at the time of the alleged offense, that it will be your duty to return a verdict of not guilty by reason of insanity.
Appellant's requested jury instruction No. 9:
It is sufficient as a defense of insanity if the evidence raises in the minds of the jurors a reasonable doubt as to the sanity of the Defendant at the time of the alleged crime, and if therefore there is a reasonable doubt as to his sanity at that time, it is your duty to find him not guilty by reason of insanity.
Appellant's requested jury instruction No. 10:
There has been evidence as to the Defendant's mental condition at the time of the commission of the alleged offense. The jury may consider the testimony of a layman who has given his opinion as to the sanity or insanity of the Defendant, on the basis of the facts known to him.
Appellant's requested jury instruction No. 11:
INSANITY
One of the defenses asserted in this case is that the Defendant is not guilty by reason of insanity at the time of the alleged crime.
The law does not hold a person criminally accountable for his conduct while insane, since an insane person is not capable of forming the intent essential to the commission of a crime. A person is sane and responsible for his crime if he has sufficient mental capacity when the crime is committed to understand what he is doing and to understand that his act is wrong. If at the time of an alleged crime a defendant was by reason of mental infirmity, disease or defect unable to understand the nature and quality of his act or its consequences or if he did understand it, was incapable of distinguishing that which is right from that which is wrong, he was legally insane and should be found not guilty by reason of insanity.
Insanity may be permanent, temporary or may come and go. It is for you to determine the question of the sanity of the Defendant at the time of the alleged commission of the crime.
Until the contrary is shown by the evidence, the Defendant is presumed to be sane. However, if the evidence tends to raise a reasonable doubt as to his sanity, the presumption of sanity is overcome.
Where insanity of a permanent type, or of a continuing nature, or possessed *125 of the characteristics of a chronic disorder of the mind, as distinguished from temporary insanity, or disorders of the mind produced by violence or disease, is shown to have existed a short time prior to the commission of an alleged crime, it is presumed to continue up to the time of the commission of the alleged crime, unless this presumption is overcome by competent evidence.
If the evidence presented tends to raise a reasonable doubt as to the sanity of the Defendant at the time of the alleged offense, the State must prove beyond a reasonable doubt that the Defendant was legally sane at the time of the commission of the alleged offense.
The trial judge refused to give these instructions. Instead he gave the current Florida Standard Jury Instructions on the issue, Florida Standard Jury Instructions (Criminal) 304(b) and 2.03, as follows:
The defendant has entered a plea of not guilty. This means you must assume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the indictment, through each stage of the trial until it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt. To overcome the defendant's presumption of innocence, the State has the burden of proving the following two elements: (1) The crime with which the defendant is charged was committed; second, the defendant is the person who committed the crime. The defendant is not required to prove anything. Whenever the words reasonable doubt are used you must consider the following: A reasonable doubt is not a possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if after considering, comparing and weighing all the evidence there is not an abiding conviction of guilt or if having a conviction it is one which is not stable, but one which waivers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced upon this trial and to it alone that you are to look for that proof. A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflicts in the evidence, or the lack of evidence. If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty. It must be proved only to a reasonable certainty that the alleged crime was committed in Bay County.
In issue in this case is whether the defendant was legally insane when the crime was allegedly committed. You must assume that the defendant was sane unless the evidence causes you to have a reasonable doubt about her sanity. If the defendant was legally insane, she is not guilty. To find her legally insane, these three elements must be shown to the point you have a reasonable doubt about her sanity: (1) The defendant had a mental infirmity, defect, or disease; (2) This condition caused the defendant to lose her ability to understand or reason accurately; and (3) Because of the loss of these abilities the defendant (a) did not know what she was doing; or (b) did not know what would result from her actions; or (c) did not know it was wrong, although she knew what she was doing and its consequences.
In determining the issue of insanity, you may consider the testimony of experts and nonexpert witnesses. The question you must answer is not whether the defendant is legally insane today or has always been legally insane, but simply if the defendant was legally insane at the time the crime allegedly was committed. If your verdict is that the defendant is not guilty because of legally insane, [sic] that does not mean she will be released from custody. I can conduct additional proceedings to determine if *126 she should be committed to a mental hospital or given other treatment. It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable or less reliable than other evidence.
The district court concluded that even though petitioner's requested instructions correctly stated the law of Florida, the instructions given were adequate when all of the instructions given are considered as a whole. 450 So.2d at 901. The court then certified the question to this Court as one of great public importance.
The first part of the certified question, i.e., whether the state has the burden to prove beyond a reasonable doubt that a defendant was sane at the time of the offense when the defense of insanity has been raised, presumes that the law in Florida is unclear on where the burden of proof lies. Also, if it is presumed that the ultimate burden of proof is on the state to prove sanity beyond a reasonable doubt, there is some confusion over whether Florida law allows the trial judge, as in federal law, or the jury to determine whether the presumption of sanity has been sufficiently rebutted to create a burden of proof upon the state to prove sanity. See Reese v. State, 452 So.2d 1079, 1080 n. 1 (Fla. 4th DCA 1984) (Anstead, J., concurring in part and dissenting in part). However, we have stated unequivocally the law in Florida on this issue on a number of occasions. For example, in Holmes v. State, 374 So.2d 944 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980), we stated:
It is the law of Florida that all men are presumed sane, but where there is testimony of insanity sufficient to present a reasonable doubt of sanity in the minds of the jurors the presumption vanishes and the sanity of the accused must be proved by the prosecution as any other element of the offense, beyond a reasonable doubt.
Id. at 948 (quoting Jones v. State, 332 So.2d 615 (Fla. 1976), Sundberg, J., specially concurring). See also, Parkin v. State, 238 So.2d 817 (Fla. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971). It is clear then that Florida law differs from federal law on this point because in the federal courts the trial judge determines as a matter of law when insanity is in issue. See, e.g., United States v. Jackson, 587 F.2d 852, 854 (6th Cir.1978).
It is true, as the state argues in a companion case to the instant case, Reese v. State, 476 So.2d 129 (Fla. 1985), that the United States Supreme Court has held in Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), that it is not unconstitutional to place the burden on a defendant to prove he was insane at the time of the commission of the offense. However, we have chosen not to place this burden of proof on the defendant in the state of Florida, but as we have said, to create a rebuttable presumption of sanity which if overcome, must be proven by the state just like any other element of the offense. We do not reconsider that policy in this decision.
With this law in mind, we turn now to the jury instructions which were given in this case to determine whether they accurately apprise the jury where the burden of proof lies. We hold that they do not inform the jury that once a reasonable doubt is created in its mind of the defendant's insanity, then the state must prove beyond every reasonable doubt the defendant's sanity.
We have pointed out before that our approval of the standard jury instructions does not relieve the trial judge of his responsibility of correctly charging the jury. Our approval of the standard jury instruction on insanity in Wheeler v. State, 344 So.2d 244 (Fla. 1977), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979), is not determinative of the case before us because the focus in that case was upon the definition of insanity and not upon *127 where the burden of proof lies when the defense is raised. In In the Matter of the Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598, modified 431 So.2d 599 (Fla. 1981), we stated:
The Court hereby authorizes the publication and use of the revised instructions in criminal cases and the instructions in misdemeanor cases, but without prejudice to the rights of any litigant objecting to the use of one or more of such approved forms of instructions. The Court recognizes that the initial determination of the applicable substantive law in each individual case should be made by the trial judge. Similarly, the Court recognizes that no approval of these instructions by the Court could relieve the trial judge of his responsibility under the law to charge the jury properly and correctly in each case as it comes before him. This order is not to be construed as any intrusion on that responsibility of the trial judges.
While the Standard Jury Instructions can be of great assistance to the Court and to counsel, it would be impossible to draft one set of instructions which would cover every situation. The standard instructions are a guideline to be modified or amplified depending upon the facts of each case.
The jury instructions given in this case do not adequately and correctly charge the jury of the substantive law in Florida applicable to this issue. The deficiencies of Standard Jury Instruction 3.04(b) were pointed out by Judge Anstead in his dissenting opinion in Reese as follows:
Since Florida case law is clear that once the presumption of sanity is rebutted the prosecution must prove sanity beyond every reasonable doubt, Reese was entitled to have the jury informed of this. In fact, under federal law, the trial court decides as a matter of law whether any competent evidence of insanity has been presented at trial so as to create an issue as to the defendant's sanity. Once that determination is made the case proceeds with the prosecution carrying the burden of proof on the sanity issue and the jury being so informed... .
Contrary to the federal procedure and the law set out in Parkin, the Florida standard instructions make no reference to burden of proof. The standard instruction is in two parts, the first part states that insanity is an issue and that the jury must assume that the defendant is sane unless the proof "causes you to have a reasonable doubt about her sanity." While arguably the instruction is a correct statement of the law to this point, it obviously says nothing about the burden of proof. I say the instruction is arguably correct because it is true that there is a presumption of sanity under the law, but that presumption ceases to exist in the face of competent evidence to the contrary, and once it does the prosecution bears the burden of proving sanity "beyond a reasonable doubt." Again, arguably the provision that "unless the evidence causes you to have a reasonable doubt about her sanity" is correct since the jury is bound to find the defendant legally insane for purposes of defense if the evidence creates "a reasonable doubt about her sanity." The bottom line is that this instruction says nothing about the burden of proof, a burden critically important to every defendant since in many cases the only "defense" available to a defendant is the contention that the state has not carried its heavy burden of proof.
The second part of the standard instruction states the issue as a defense issue: "If the defendant was legally insane, she is not guilty." Again, this framing implicitly suggests the burden is upon the defendant to establish the defense of insanity. That burden is made more explicit by the remainder of the instruction which says: "To find her legally insane, these three (3) elements must be shown to the point you had a reasonable doubt about her sanity." Shown by whom? Obviously by the defendant, who has raised the issue. This is contrary to the federal scheme and the scheme contemplated by Parkin. This *128 instruction confuses the burden of presenting some competent evidence as to insanity, commonly referred to as the burden of going forward with evidence, with the ultimate burden of proof. The instruction erroneously suggests that the burden of proof is upon the defendant to establish a reasonable doubt as to his sanity.
452 So.2d at 1081.
Since Florida law leaves to the jury the decision as to whether there has been sufficient evidence of insanity presented to rebut the presumption of sanity, it is crucial that the jury be clearly instructed on the state's ultimate burden to prove that the defendant was sane at the time of the offense. Instead, Standard Jury Instruction 3.04(b) stops after instructing the jury on the presumption of sanity and the requirement that the elements of insanity be shown sufficiently to raise a reasonable doubt as to the defendant's sanity. The instruction frames the issue as one of finding the defendant legally insane. This places the burden of proof on the defendant's shoulders since it will always be the defendant who will be showing his or her insanity. The jury is never told that the state must prove anything in regard to the sanity issue. This is not the law in Florida.
The general standard jury instructions on reasonable doubt and burden of proof in Standard Jury Instruction 2.03 do not rectify the failure of Standard Jury Instruction 3.04(b) to set forth the state's burden of proof as to the defendant's sanity. These instructions were general, whereas the instructions on insanity were specific. Also, the general instruction in 2.03 refers to the state's burden to prove every element of the offense beyond a reasonable doubt. The instruction on insanity in 3.04(b) says nothing about insanity being an element of the offense, which it clearly is. See Parkin v. State. Therefore, we cannot conclude that the erroneous specific instruction was cured by the general one.
In sum, the law in Florida provides for a rebuttable presumption of sanity, which if overcome by the defendant, puts the burden on the state to prove sanity beyond a reasonable doubt just like any other element of the offense. The standard jury instructions given in this case do not completely and accurately state that law. The defendant's requested instructions do. Therefore, we quash the decision of the district court affirming petitioner's conviction and sentence and remand with instructions to remand to the trial court for a new trial. The certified question is answered accordingly.
It is so ordered.
BOYD, C.J., and McDONALD and SHAW, JJ., concur.
ALDERMAN, J., dissents, in which OVERTON and EHRLICH, JJ., concur.
ALDERMAN, Justice, dissenting.
I would approve the decision of the First District Court which properly held that the giving of the present Standard Jury Instruction 3.04(b), along with the general reasonable doubt instruction, was sufficient and which affirmed Yohn's conviction and sentence for manslaughter. The instructions given, considered as a whole, correctly stated the law and fairly presented Yohn's theory of defense to the jury.
The First District accurately analogized the sufficiency of the present instructions relating to the defense of insanity with those given in Rotenberry v. State, 429 So.2d 378 (Fla. 1st DCA 1983), relating to the affirmative defense of entrapment. In Rotenberry, defendant requested a special instruction on the issue of entrapment similar to that requested by Yohn in the present case on the issue of insanity. Although Rotenberry requested that the court specifically tell the jury that the State must prove that defendant was not entrapped beyond a reasonable doubt, the trial court, instead, gave the standard jury instruction on entrapment as well as the standard jury instruction on the State's burden of proof. The district court affirmed and held that the totality of the *129 instructions were adequate. It then certified the following question:
IF THE STATE HAS THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS NOT ENTRAPPED WHEN THAT DEFENSE HAS BEEN RAISED, IS THE GIVING OF THE PRESENT ENTRAPMENT INSTRUCTION AS SET FORTH IN STANDARD JURY INSTRUCTION 3.04(c) ALONG WITH THE GENERAL REASONABLE DOUBT INSTRUCTION SUFFICIENT, NOTWITHSTANDING THE DEFENDANT HAVING SPECIFICALLY REQUESTED THE COURT TO INSTRUCT THE JURY THAT THE STATE MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS NOT THE VICTIM OF ENTRAPMENT BY LAW ENFORCEMENT OFFICERS?
Rotenberry sought review here, and in our recent decision of Rotenberry v. State, 468 So.2d 971 (Fla. 1985), we approved the First District's affirmative response to this question. We explained:
There is neither the need to give added emphasis to the state's burden of proof, Sylvester v. State, 46 Fla. 166, 35 So. 142 (1903), nor the necessity to include a statement of the state's burden of proof in the entrapment instruction when the jury is also instructed, as it always is in a criminal case, as to the state's general burden to prove guilt beyond a reasonable doubt. "[A] single instruction is not required to contain all the law relating to the subject treated, and, in determining what challenged instructions are proper or improper, the entire instructions as given must be considered as an entirety and should not be considered in isolated portions." Peele v. State, 155 Fla. 235, 239, 20 So.2d 120, 122 (1944). A delicate balance has been struck between informing the jury on the law of entrapment and avoiding undue emphasis on the state's burden of proof.
468 So.2d at 974-75.
Consistent with our decision in Rotenberry, we should likewise find that the present instructions were sufficient and that the district court correctly affirmed Yohn's conviction.
OVERTON and EHRLICH, JJ., concur.