479 So.2d 274 (1985)
Harold WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2442.
District Court of Appeal of Florida, Second District.
December 6, 1985.
*275 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy Ann Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Harold Walker appeals his convictions for sexual battery on a child by a person in a position of familial authority, an offense proscribed by section 794.011(4)(e), Florida Statutes (1983). We reverse.
The defendant pled not guilty to four counts of sexual battery on his stepdaughter. The charges were based on acts allegedly occurring when the girl was between 12 and 14 years of age. At his jury trial, the defendant's stepdaughter, then age 14, testified concerning the defendant's sexual relations with her on numerous occasions. The defendant raised the defense of insanity.
At the close of the evidence, defense counsel requested the following jury instruction on the insanity defense:
When insanity is raised by a plea as a defense, and evidence thereof is forthcoming prima facia[sic] sufficient to raise a reasonable doubt, the State no longer can travel on the presumption of sanity; it must establish sanity beyond a reasonable doubt as with every element of the offense charged. Greenfield v. State, 337 So.2d 1021 (Fla.2nd DCA, 1976).
The trial judge refused to give the requested instruction and instead gave Florida Standard Jury Instructions (Criminal) 3.04(b) and 2.03, which provide:
An issue in this case is whether the defendant was legally insane when the crime allegedly was committed. You must assume that he was sane unless the evidence causes you to have a reasonable doubt about his sanity. If the defendant was legally insane, he is not guilty. To find him legally insane, these three elements must be shown to the point you have a reasonable doubt about his sanity. First, the defendant had a mental infirmity, defect or disease. Second, this condition caused the defendant to lose his ability to understand or reason accurately, and because of the loss of these abilities, the defendant did not know what he was doing or did not know what would result from his actions or did not know it was wrong, although he knew what he was doing and its consequencies [sic].
In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is legally insane today or has always been legally insane, but simply if the defendant was legally insane at the time the crime was allegedly committed. If the verdict is that the defendant is not guilty because legally insane, that does not mean that he will be released from custody. This court can conduct additional proceedings to determine if he should be committed to a mental hospital or given other treatment.
The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the information through each stage of the trial until it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt. To overcome the defendant's presumption of innocence, the State has the burden of proving the following two elements. First, the crime with which the defendant was charged was committed; and second, the defendant is the person who committed the crime. The defendant is not required to prove anything.
Whenever the words "reasonable doubt" are used, you must consider the following: *276 A reasonable doubt is not a possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all of the evidence, there is not an abiding conviction of guilt, or if, having a conviction, it is one which is not stable but one which waivers and vacillates, then the charge is not proved beyond a reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced upon this trial and to it alone that you are to look for that proof. A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence, or the lack of evidence. If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.
We hold that the trial court erred in failing to give the defendant's requested instruction. In Yohn v. State, 476 So.2d 123 (Fla. 1985), the supreme court reiterated its holding regarding the substantive law in Florida on the issue of insanity, citing to Holmes v. State, 374 So.2d 944 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980). There the court stated:
It is the law of Florida that all men are presumed sane, but where there is testimony of insanity sufficient to present a reasonable doubt of sanity in the minds of the jurors the presumption vanishes and the sanity of the accused must be proved by the prosecution as any other element of the offense, beyond a reasonable doubt.
Holmes, 374 So.2d at 948. The court concluded in Yohn that Standard Jury Instructions (Criminal) 3.04(b) and 2.03 do not adequately instruct on the state's ultimate burden to prove that the defendant was sane at the time of the offense, once there was sufficient evidence presented to rebut the presumption of sanity. Yohn, 476 So.2d at 126.
The state contends that Yohn is not applicable because a reasonable doubt was not created to rebut the presumption of the defendant's sanity. We disagree.
On cross-examination, both the stepdaughter and defendant's wife testified that in 1981 or 1982, defendant spent two weeks in the hospital for treatment of a mental illness. They further stated that the defendant expressed the belief that the Postal Service and others were conspiring against him. On one occasion, defendant put newspapers in the windows and carried a shotgun around the house and to bed because he believed people were peeping in his windows.
Three experts also testified on the issue of the defendant's sanity. Although none of them were able to state unequivocally that the defendant was insane at the time of the offenses, one opined that the defendant probably had been diagnosed as schizophrenic at one time. Another psychiatrist who examined the defendant determined he was suffering from several intertwining problems which could be labeled as paranoid psychotic illness. However, the doctor was unable to say whether or not the defendant was legally sane at the time the offenses were committed. The third expert was a clinical psychologist. He found the defendant to be a paranoid schizophrenic in partial remission. But, like the others, he was unable to come to any conclusions regarding the defendant's sanity at the time of the offenses.
Clearly, the trial produced sufficient evidence to raise a reasonable doubt about the defendant's sanity. Therefore, the trial court erred in refusing to give the defendant's requested instruction. Yohn, 476 So.2d at 126.
We find no merit to the other two points raised by the defendant.
Accordingly, we vacate defendant's conviction and sentence and remand for a new trial.
LEHAN and HALL, JJ., concur.