PER CURIAM.
In Yohn v. State, 476 So.2d 123 (Fla.1985), we held standard criminal jury instruction 3.04(b) to be legally incorrect with respect to the state’s burden of proof concerning insanity. We requested the Committee on Florida Standard Jury Instructions in Criminal Cases to submit a revised instruction. It has done so.* We approve its publication.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH, SHAW and BARKETT, JJ., concur.
* 3.04(b) INSANITY
*429 An issue in this case is whether (defendant) was insane when the crime allegedly was committed.
A person is considered to be insane when:
1. He had a mental infirmity, disease or defect.
2. Because of this condition
a. he did not know what he was doing or its consequences or
b. although he knew what he was doing and its consequences, he did not know it was wrong.
All persons are presumed to be sane. However, if the evidence causes you to have a reasonable doubt concerning the defendant’s sanity, then the presumption of sanity vanishes and the state must prove beyond a reasonable doubt that the defendant was sane.
In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is insane today, or has ever been insane, but simply if the defendant was insane at the time the crime was allegedly committed.
Give if applicable
Unrestrained passion or ungovernable temper is not insanity, even though the normal judgment of the person be overcome by passion or temper.
Give if applicable
If the evidence establishes that the defendant had been adjudged insane by a court, and has not been judicially restored to legal sanity, then you should assume the defendant was insane at the time of commission of the alleged crime, unless the evidence convinces you otherwise.
If you find that (defendant) committed the crime but have a reasonable doubt that he was sane at that time, then you should find him not guilty by reason of insanity.
If your verdict is that the defendant is not guilty because insane, that does not necessarily mean he will be released from custody. I can conduct additional proceedings to determine if he should be committed to a mental hospital, or given other treatment.
Note to judge
If drugs or alcohol are involved, see Cirack v. State, 201 So.2d 706 (Fla.1967).

 The new 3.04(b) is appended to this opinion.