496 So.2d 983 (1986)
Lee SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1994.
District Court of Appeal of Florida, Third District.
November 4, 1986.
*984 Bennett H. Brummer, Public Defender and Michael Korvick and John H. Lipinski, Special Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal from judgments of conviction and sentences for second-degree murder and attempted second-degree murder. The sole point on appeal is that the trial court erred in giving Florida Standard Jury Instruction (Criminal) 3.04(b), which, since the trial in this cause, has been disapproved by the Florida Supreme Court in Yohn v. State, 476 So.2d 123 (Fla. 1985). We agree and reverse for a new trial.
Because we regard the instant case as a "pipeline" case, one in which the conviction was not final by trial or appeal at the time Yohn was decided, we find it unnecessary to pass upon the merits of the state's contention that Yohn should not be applied retroactively; even if the state's contention is correct, the Yohn ruling would still be applicable to the instant case. See State v. Jones, 485 So.2d 1283 (Fla. 1986); Dougan v. State, 470 So.2d 697 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1499, 89 L.Ed.2d 900 (1986); Lowe v. Price, 437 So.2d 142 (Fla. 1983); Wheeler v. State, 344 So.2d 244 (Fla. 1977), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979). Applying Yohn, then, to the instant case, we conclude that the trial court committed reversible error in giving the above-stated standard jury instruction. Indeed, the state appears to concede that Yohn, if applicable, requires a reversal in this case.
The final judgments of conviction and sentences under review are, accordingly, reversed and the cause is remanded for a new trial.
Reversed and remanded for a new trial.