516 So.2d 1048 (1987)
Daniel PIECZYNSKI, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1122.
District Court of Appeal of Florida, Third District.
December 15, 1987.
*1049 Bennett H. Brummer, Public Defender, and Loren H. Cohen, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Daniel Pieczynski appeals his conviction for capital sexual battery upon a minor less than twelve years of age and his sentence of life imprisonment. He alleges as error incomplete jury instructions, improper prosecutorial comments, and improper admission of evidence pursuant to the Williams Rule.
Butler v. State, 493 So.2d 451 (Fla. 1986), holds that a confusing and misleading jury instruction constitutes reversible error if there exists a reasonable possibility that the instruction contributed to the conviction. Such error is evident on the record before us. We accordingly vacate the judgment of conviction and sentence entered thereon and remand for a new trial. Our disposition requires that we reach additionally the question of whether certain admissions were properly received as Williams Rule evidence.
In December, 1985, Pieczynski was visiting a friend. The friend was married and the father of three children. The friend left the room for a brief time and returned to find Pieczynski sexually molesting the friend's three-year-old son. According to the friend, Pieczynski began to mumble apologies and said he "couldn't help himself" and that he "had the same problem with his own daughter."
Pieczynski relied on an insanity defense at trial. In its closing argument, the state suggested that he did not appear *1050 insane when he testified, and that a verdict of not guilty by reason of insanity could result in his being freed. In response to a request by the trial court at the charge conference, defense counsel had written out a proposed jury instruction with respect to the state's burden of proof concerning insanity.[1] The trial court charged the jury with the written instruction prepared by Pieczynski's counsel. Following the jury charge, but prior to the jury's retiring, defense counsel asked the court to read certain additional subparts of the standard jury instruction on insanity relating, inter alia, to the testimony of expert and non-expert witnesses. The trial court refused, noting that it had already given the proposed written instruction. The trial court found that counsel had waived any additional instructions since he had not presented the desired portions of the standard instructions in written form.
We find that the trial court erred in failing to give the complete standard jury instructions on the question of insanity. Where a standard jury instruction is requested on the record, the requirement under Florida Rule of Criminal Procedure 3.390(c) that it be written out is inapplicable. Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982). It is axiomatic that a defendant is entitled to a jury instruction on the theory of his defense if there is evidence in the record to support it. Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). Defense counsel timely objected to the trial court's refusal to give the full instruction and stated the grounds for his objection. Fla.R.Crim.P. 3.390(d).
Contrary to the state's assertion that the error here is harmless, an analysis of State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and Butler v. State, 493 So.2d 451 (Fla. 1986), reveals that the error requires reversal. As the supreme court observed in DiGuilio:
Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
491 So.2d at 1139. See also Veliz v. American Hospital, Inc., 414 So.2d 226 (Fla. 3d DCA) (jury instruction which tends to confuse rather than enlighten jury is cause for reversal if it may have misled jury and caused it to reach a conclusion that it otherwise would not have reached), rev. denied, 424 So.2d 760 (Fla. 1982). The standard jury instructions that the trial court refused to give are designed to forestall jury speculation that a verdict of not guilty by reason of insanity will cause the defendant to be set free. The instructions also bear on expert witness testimony as an aid to the jury in its determination of whether the defendant was legally insane at the time the crime was committed. "Any assertion that the errant jury instruction was harmless beyond a reasonable doubt is clearly rebutted when the jury instruction is combined with comments made by the prosecutor during closing argument." Butler, 493 So.2d at 453. In the instant case, the absence of the complete standard jury instructions on the insanity defense, coupled with the prosecutorial comments during the state's closing argument, present a reasonable possibility that the jury instructions contributed to Pieczynski's conviction.
*1051 The trial court also erred in admitting, as Williams Rule evidence, that portion of the Pieczynski's statement concerning sexual abuse of his daughter. The friend testified at trial that, when he confronted the defendant, "[Pieczynski] started apologizing and mumbling and he got up and said he couldn't help himself and said he had the same problem with his own daughter and I asked him to leave." The state offered no corroborating evidence that Pieczynski had ever sexually abused his daughter. The state failed to prove that such a crime, if committed, would be relevant to the question of motive, opportunity, identity, knowledge, intent, or common plan. Thus, the statement regarding his daughter should have been excluded as irrelevant to the crime with which Pieczynski was charged. McKinney v. State, 462 So.2d 46 (Fla. 1st DCA 1984). See also Drayton v. State, 292 So.2d 395 (Fla. 3d DCA), cert. denied, 300 So.2d 900 (Fla. 1974). However, the first part of Pieczynski's statement, that he was sorry and could not help himself, is admissible as an admission from which guilt could be inferred. § 90.803(18), Fla. Stat. (1985). See Ehrhardt, Florida Evidence § 803.18 & n. 13 (2d ed. 1984) (exception exists under § 90.803(18) for statements by an accused offered by the prosecution, because of distinction in substantive criminal law between a confession which acknowledges a criminal act and an admission from which guilt might be inferred; proof of corpus delecti is not necessary predicate for admission).
We accordingly reverse and remand for a new trial with directions to the trial court to admit only the initial part of Pieczynski's statement.
NOTES
[1] In Yohn v. State, 476 So.2d 123 (Fla. 1985), the supreme court held that Florida Standard Jury Instruction 3.04(b) was constitutionally deficient in that it did not adequately inform the jury where the burden of proof lies when the defense of insanity is raised. Once a jury has a reasonable doubt concerning the defendant's insanity, the state has the burden to prove beyond every reasonable doubt the defendant's sanity. Id. at 126. Coincidentally, on the same day that Pieczynski's trial began, the Florida supreme court approved a revised standard jury instruction on the issue of burden of proof, Standard Jury Instructions Re: Criminal Cases (Supplemental Report No. 85-2), 483 So.2d 428 (Fla. 1986), but apparently neither the parties nor the trial court had a copy of the revised instruction.