519 So.2d 735 (1988)
Cosby R. PERKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1713.
District Court of Appeal of Florida, Third District.
February 9, 1988.
Bennett H. Brummer, Public Defender, and Lisa M. Berlow-Lehner, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Appellant Perkins seeks review of his second degree murder conviction. We reverse.
At trial, Perkins relied on a defense of insanity, and requested the following instruction:
Defense Counsel Requested Instruction No. 3:
I charge you that all men are presumed sane, but the presumption vanishes *736 when there is testimony of insanity sufficient to present a reasonable doubt as to the sanity of the defendant, and he is entitled to an acquittal if the State does not overcome the reasonable doubt. Cook v. State, 271 So.2d 232 (Fla. 2d DCA 1973).
Denying Perkins' request, the court gave Florida Standard Jury Instruction (Criminal) 3.04(b) (1981):
In issue in this case is whether the defendant was legally insane when the crime was allegedly committed. You must assume that the defendant was sane unless the evidence causes you to have a reasonable doubt about his sanity. If the defendant was legally insane, he is not guilty. To find him legally insane, these three elements must be shown to the point you have a reasonable doubt about his sanity: (1) The defendant had a mental infirmity, defect, or disease; (2) This condition caused the defendant to lose his ability to understand or reason accurately; and (3) Because of the loss of these abilities the defendant (a) did not know what he was doing; or (b) did not know what would result from his actions; or (c) did not know it was wrong, although he knew what he was doing and its consequences. In determining the issue of insanity, you may consider the testimony of experts and nonexpert witnesses. The question you must answer is not whether the defendant is legally insane today or has always been legally insane, but simply if the defendant was legally insane at the time the crime allegedly was committed.
Citing Yohn v. State, 476 So.2d 123 (Fla. 1985),[1] Perkins contends that the trial court's denial of his requested instruction constitutes reversible error.[2] We agree.
In Yohn, the Florida supreme court held that Florida Standard Jury Instruction 3.04(b), even when combined with the standard instruction on reasonable doubt, "do[es] not inform the jury that once a reasonable doubt is created in its mind of the defendant's sanity, the state must prove beyond every reasonable doubt the defendant's sanity." Yohn, 476 So.2d at 126.[3]
The instruction given Perkins' jury suffers from the same defect as the instruction in Yohn,[4] and the error is properly preserved for review, see Smith v. State, 521 So.2d 106 (Fla. 1988); we conclude, therefore, that the trial court committed reversible error. Perkins is entitled to a new trial.
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Although Yohn was decided subsequent to Perkins' trial, its holding applies to Perkins. See Smith v. State, 496 So.2d 983 (Fla. 3d DCA 1986) (Yohn is applicable to a case which is not final by trial or appeal at the time of the decision) and cited cases.
[2] The state maintains that reliance on Yohn is misplaced because Perkins' requested instruction differs from the charge requested in Yohn. Finding that the charges are sufficiently similar to render Yohn applicable, we reject the state's contention.
[3] In response to Yohn, the standard instruction on insanity has been modified. Fla.Std. Jury Instr. 3.04(b) (1986); see Standard Jury Instructions Re: Criminal Cases, 483 So.2d 428 (Fla. 1986).
[4] The state argues that the additional instruction given in this case cures the defect:

If there is evidence that the defendant was legally insane at some time before the commission of the alleged crime, you should assume the defendant continued to be insane at the time of the commission of the alleged crime, unless the evidence convinces you otherwise.
We disagree. This charge addresses the presumption of continued insanity if the evidence proves that defendant was legally insane before the commission of the offense. The flaw in the instructions in Yohn and this cause is the court's failure to inform the jury of the state's burden to prove defendant's sanity at the time of the commission of the offense. The additional charge to the Perkins jury does not remedy the absence of a specific instruction as to the state's high burden of proof.