BARKETT, Justice.
We have for review Freund v. State, 506 So.2d 437 (Fla. 4th DCA 1987), which certified the following question of great public importance:
Whether the Florida Supreme Court’s holding in Yohn v. State, 476 So.2d 123 (Fla.1985), is violated when, prior to issuance of the Yohn opinion, a trial court instructs the jury with the old standard instruction on insanity and adds within the charge the sentence, “The state must prove beyond a reasonable doubt that the defendant was sane.”[1]
Id. at 437. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative.
In late 1985, petitioner was convicted in the Fifteenth Judicial Circuit for the murder of Ralph Walker, and sentenced to life imprisonment.
At trial, the court gave the following jury instruction on insanity:
Now, insanity. An issue in this case is whether this Defendant was legally insane when the crime allegedly was committed. All persons are presumed to be sane, however, if the evidence causes you to have a reasonable doubt concerning the Defendant’s sanity, then the presumption of sanity vanishes and the State must prove beyond a reasonable doubt that the Defendant was sane.
If the Defendant was legally insane, he is not guilty. To find him legally insane there are three elements. These three elements must be shown to the point where you have a reasonable doubt about his sanity.
That the Defendant had a mental infirmity, defect or disease; that this condition caused the Defendant to lose his ability to understand or reason accurately, and because of the loss of these abilities the Defendant did not know what he was doing or did not know what would result from his actions or did not know it was wrong although he knew what he was doing and its consequences.
Now, in determining the issue of insanity you must consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the Defendant is legally insane today or has always been legally insane but simply if the Defendant was legally insane at the time the crime allegedly was committed.
*557 When a person tried for an offense shall be acquitted for the cause of insanity, the Court shall then determine that the Defendant presently meets the criteria set forth by law.
The Court shall commit the Defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization or placement or shall order that he receive out-patient treatment at any other appropriate facility or treatment on an out-patient basis or shall discharge the Defendant.
(Emphasis added.)
We quashed the district court opinion in Yohn because the instruction failed to inform the jury either of the rebuttable presumption or the state’s burden once a reasonable doubt has been established. No such error is evident here. Although perhaps not a model of clarity, the instruction in this case meets the essential requirements set forth in Yohn. The final sentence of the first paragraph accurately instructs the jury that
the law in Florida provides for a rebut-table presumption of sanity, which if overcome by the defendant, puts the burden on the state to prove sanity beyond a reasonable doubt just like any other element of the offense.
Yohn, 476 So.2d at 128. The trial court correctly exercised its responsibility to charge the jury properly notwithstanding anything contained in the standard jury instructions as they existed at the time of trial. See In the Matter of the Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598, modified, 431 So.2d 599 (Fla.1981).
Petitioner also argues that the un-controverted opinion testimony of expert witnesses established as a matter of law that he had no ability to form the specific intent necessary for a first-degree murder conviction.[2] We have examined the record in this regard and must reject petitioner’s contention. The factual evidence and expert testimony clearly established conflict concerning petitioner’s ability to form a specific intent, making it a jury question.
We approve the decision below.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.

. We note that the certified question contains an erroneous statement of fact. The trial in this instance began October 21, 1985. Yohn was decided July 11,1985, and rehearing was denied on October 7, 1985. Thus, the trial in fact occurred after Yohn had issued, contrary to the assertion in the certified question,

. Although this issue was not raised in the certified question, jurisdiction exists for every issue raised in a cause properly before us on some . other ground, should we choose to exercise it. Trushin v. State, 425 So.2d 1126, 1130 (Fla.1982); Bould v. Touchette, 349 So.2d 1181, 1183 (Fla.1977).