WALDEN, Judge,
dissenting.
Along with another charge Patrick L. Watts was convicted of automobile truck theft. He appeals. I would reverse because of the failure of the trial court to adequately charge the jury.
Watts was in possession of a pick up truck that had been reported as stolen from an auto dealer. A police officer testified that Watts told him that a man in Rivera Beach who was an auto body repair man had loaned the truck to him. The representative of the auto dealer testified that the dealership still had the keys to the truck and there was no evidence or signs that the truck’s ignition had been tampered with or forced.
Based upon the foregoing it was reversible error for the trial court, per Watts’ request, to refuse to charge the jury as follows:
If the Defendant offers an explanation for his possession of recently stolen property which raises a reasonable doubt, then the burden shifts to the State to disprove the explanation beyond a reasonable doubt.
See Ferguson v. State, 157 Fla. 324, 25 So.2d 799, 800 (1946).
While the trial court gave a standard jury instruction,
The law does provide that proof of possession of recently stolen property unless satisfactorily explained gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen. [Emphasis supplied.]
the instruction only covered one facet of the problem, namely, the situation where the accused does not give a satisfactory explanation of his of her possession of recently stolen property. Suppose, as here, the accused does give a satisfactory explanation, what then? Here, the trial court gave no instruction to cover the flip side of the coin and the jury was just left in the dark as to the binding proposition that in such case the burden shifts to the state to prove that the accused’s account is untrue. See also Yohn v. State, 476 So.2d 123 (Fla.1985).
I would reverse and remand for a new trial.