PER CURIAM.
This is an appeal by the defendant Joseph Finch from adjudications of guilt, sentences, and a probation order entered upon adverse jury verdicts for sexual battery, attempted sexual battery and aggravated assault. The sole point on appeal is that the trial court committed reversible error in denying a defense-requested jury instruction. We disagree and affirm for two reasons.
First, the trial court properly instructed the jury as to the burden of proof on an insanity defense in accord with Yohn v. State, 476 So.2d 123 (Fla.1985). This instruction stated:
“All persons are presumed to be sane. However, if the evidence causes you to have a reasonable doubt concerning the defendant’s sanity, then the presumption of sanity vanishes and the state must prove beyond a reasonable doubt that the defendant was sane.”
This instruction has since been adopted by the Florida Supreme Court. Fla.Std. Jury Instr. (Crim.) 3.04(b); see Standard Jury Instructions Re: Criminal Cases (Supplemental Report No. 85-2), 483 So.2d 428, 429 (Fla.1986).
Second, the defendant’s requested jury instruction does not properly state the law concerning the aforesaid burden of proof on an insanity defense as announced in Yohn. This is so because the proposed instruction states, contrary to the requirements of Yohn, that the presumption of sanity vanishes, requiring the state to prove the defendant sane beyond a reasonable doubt, when a defendant merely raises the issue of insanity and presents evidence that he was insane at the time of the offense — rather than, as Yohn requires, when he or she presents evidence which creates a reasonable doubt in the minds of jury concerning the defendant’s sanity at the time of the offense.
AFFIRMED.