LEHAN, Judge.
We reverse defendant’s conviction for first-degree murder and remand for a new trial. We agree with defendant’s contention that the trial court erred in instructing the jury on insanity.
At his trial defendant relied upon the insanity defense. He requested the following instruction:
An issue in this case is whether [defendant] was insane when the crime allegedly was committed.
A person is considered to be insane when:
1. He had a mental infirmity, disease or defect.
2. Because of this condition
*586 a. he did not know what he was doing or its consequences or
b. although he knew what he was doing and its consequences, he did not know that [the killing was] wrong.

All persons are presumed to be sane. However, if the evidence causes you to have a reasonable doubt concerning the defendant’s sanity, then the presumption of sanity vanishes and the State must prove beyond a reasonable doubt that the defendant was sane.

In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is insane today, or has ever been insane, but simply if the defendant was insane at the time the crime was allegedly committed. (Emphasis added.)
The trial court denied defendant’s request and gave the following instruction:
An issue in this case is whether the defendant was legally insane when the crime allegedly was committed. You must assume he was sane unless the evidence causes you to have a reasonable doubt about his sanity.
If the defendant was legally insane, he is not guilty. To find him legally insane, these three elements must be shown to the point you have a reasonable doubt about his insanity:
1. The defendant had a mental infirmity, defect or disease.
2. This condition caused the defendant to lose his ability to understand or reason accurately, and
3. Because of the loss of these abilities, the defendant:
a. did not know what he was doing, or
b. did not know what would result from his actions, or
c. did not know it was wrong, although he knew what he was doing and its consequences.
In determining the issue of insanity you may consider the testimony of expert and non-expert witnesses. The question you must answer is not whether the defendant is legally insane today, or has always been legally insane, but simply if the defendant was legally insane at the time the crime allegedly was committed.
Defendant argues that the court’s denial of his requested instruction was reversible error. We agree. Yohn v. State, 476 So.2d 123, 126 (Fla.1985), held that an instruction virtually identical to that given in this case failed to “inform the jury that once a reasonable doubt is created in its mind of the defendant’s insanity, then the state must prove beyond every reasonable doubt the defendant’s sanity.” See also Perkins v. State, 519 So.2d 735, 736 (Fla. 3d DCA 1988). The instruction given in this case was virtually identical to the version of Florida Standard Jury Instruction (Crim.) 3.04(b) that was in effect before its revision in light of Yohn. See Standard Jury Instructions Re: Criminal Cases, 483 So.2d 428, 429 (Fla.1986). The language emphasized above in defendant’s requested instruction tracks verbatim the language in the revised version of the instruction. Id.
Smith v. State, 521 So.2d 106 (Fla.1988), cited by the state, does not require a different result. Smith held that the giving of the pre-Yohn insanity instruction, absent an objection from defense counsel, wa's not reversible error. In the case at hand defendant objected and preserved the error for appellate review. The issue of defendant’s sanity having been hotly contested and expert testimony having been in conflict in that regard, we also disagree with the state’s argument that any error in the jury instruction was harmless.
Reversed and remanded for a new trial.
SCHOONOVER, C.J., and THREADGILL, J., concur.