MILLS, STANLEY R., Associate Judge,
dissenting.
For the following reasons, I respectfully dissent.
During closing argument, the prosecutor indicated to the jury that the State did not have the burden to disprove voluntary intoxication. There was no objection to this argument; however, when counsel for the appellant responded that the burden of proof stays with the State and that the burden of proof does not shift to the appellant, the prosecutor objected to this proposition, asserting that it was an improper statement of the law. The prosecutor’s objection was sustained by the trial court. Counsel for the appellant then argued that the State had the burden to prove everything in the case and that the appellant did not have the burden. Again, the prosecutor objected to the appellant’s argument, and again the objection was sustained by the trial court. Immediately following the closing arguments, the trial court instructed the jury, including the standard instruction on voluntary intoxication. The appellant does not challenge the instructions provided to the jury by the trial court.
Voluntary intoxication is a defense to the charge of kidnapping, as well as to the charge of battery. See Heddleson v. State, 512 So.2d 957 (Fla. 4th DCA 1987); Harris v. State, 415 So.2d 135 (Fla. 5th DCA 1982). A defendant is entitled to an intoxication instruction when any trial evidence, whether presented by the defendant or raised by cross-examination of the State’s witnesses, supports the defense of intoxication. See Gardner v. State, 480 So.2d 91 (Fla.1985). Since both the testimony of the appellant and the testimony elicited during cross-examination of the victim supported the defense of intoxication, the trial court was eminently correct in giving the standard instruction on voluntary intoxication. Unfortunately, unlike the standard instruction on insanity, the standard instruction on voluntary intoxication has not been amended to address the burden of proof in a voluntary intoxication defense. The importance of addressing the burden of proof in a case involving the insanity defense is clearly demonstrated in Matevia v. State, 564 So.2d 585 (Fla. 2d *107 DCA 1990), and I believe that the defense of voluntary intoxication is sufficiently analogous to the defense of insanity to require a clear and specific instruction regarding the required burden of proof. See also Gould v. State, 558 So.2d 481 (Fla. 2d DCA 1990), reversed on other grounds, 577 So.2d 1302 (Fla.1991). As in the defense of insanity, the defense of voluntary intoxication deals with the defendant’s ability to form the specific intent required to convict the defendant. In dealing with the failure to give a voluntary intoxication instruction, the Third District Court of Appeal, in Graham v. State, 406 So.2d 503 (Fla. 3d DCA 1981), used the following language:
Insofar as the defense’s position was primarily based on voluntary intoxication, which bears upon the capacity or ability of the accused to form, and entertain the specific intent, it is undeniable that the defense made specific intent a material issue.
(Emphasis supplied.) It is submitted that, once the issue of voluntary intoxication or insanity is properly raised by the defense in a case in which specific intent is an element, any presumption regarding the defendant’s ability to form the required specific intent vanishes and the State must prove that the defendant had the ability to form such intent.[1] While the majority opinion relies on language in Sochor v. State, 619 So.2d 285, 290 (Fla.1993), that “the state did not have to disprove voluntary intoxication in order to convict Sochor of felony murder based on the underlying felony of kidnapping,” it is important to note that the issue being decided in Sochor was whether the court’s failure to instruct on the defense of voluntary intoxication was fundamental error. In my view, the issues in the instant case are the trial court’s unintentional approval of the State’s improper attempt to shift the burden of proof and the failure of the trial court to correct the impression left in the minds of the jurors regarding the burden of proof in the appellant’s only defense.
Absent the prosecutor’s misstatement of the law and successful objections, the trial court’s proper instructions on the defense of voluntary intoxication and the general nature of the burden of proof might have been sufficient to carry the day. However, the fact remains that the only specific discussion concerning the burden of proof in a voluntary intoxication defense was provided just prior to the jury instructions by the prosecutor’s misleading comment that the State did not have the burden to disprove voluntary intoxication. To make the case even more compelling, the prosecutor not only succeeded in making an inaccurate statement on the burden of proof in a voluntary intoxication defense but then compounded the problem by convincing the trial court that the appellant’s entirely proper statements of the law were incorrect. Given the lack of specific instruction on the burden of proof in the defense of voluntary intoxication, it is difficult to imagine how the jury could have been left with any impression other than *108 one that cast the appellant as the party having the burden of producing proof with respect to a voluntary intoxication defense.[2] Although there was no objection to this comment, it is clear that “a comment that indicates to the jury that the defendant has the burden of proof on any aspect of the case will constitute reversible error.” Romero v. State, 435 So.2d 318, 319 (Fla. 4th DCA 1983) (emphasis supplied). This position is also advanced by the well-reasoned opinion in United States v. Segna, 555 F.2d 226, 230-32 (9th Cir.1977). In addressing the prosecutor’s statements, the Segna court stated:
The effect of those statements was to shift the burden of proof from the government to Segna and to deprive Segna of the benefits of the reasonable doubt standard. Although no objection was interposed, the argument amounts to plain error and requires reversal.
(Emphasis supplied.) The Segna court also noted that, as in the instant case, Segna’s defense involved an extremely close question for the jury to resolve and the inappropriate comments by the prosecutor came just prior to the court’s instructions on the law.
In the instant case, two of the three witnesses testified to the appellant’s high level of intoxication. Even the third witness (the arresting officer) noted that the appellant had been drinking. Under these circumstances, it is clear that there was a close question concerning the extent of the appellant’s intoxication. The State’s incorrect statement of the law combined with the sustaining of the State’s objections to the appellant’s correct statement of the law, coming as they did, just prior to the court’s instructions, leave little doubt that the case should be reversed.

. Although no cases have been submitted by the parties specifically addressing the burden of proof in a voluntary intoxication defense, it is submitted that the burden of proof is as follows:
1. In cases that require the State to prove specific intent, the initial obligation to produce prima facie evidence of intoxication is upon the defendant. This evidence, which can be presented by the defendant or raised during cross examination of the State’s witnesses, is then evaluated by the trial judge to determine if it is sufficient to require an instruction concerning voluntary intoxication. If so, such an instruction must be given. If not, no instruction should be given and no argument should be allowed on the topic of voluntary intoxication. The defendant's initial burden should not be discussed with the jury in any way.
2. The instruction on voluntary intoxication, when combined with other instructions, should make it clear that the question of the ability to form specific intent has been called into question and it is the burden of the State to prove beyond a reasonable doubt that the defendant had the ability to form the requisite specific intent. No argument which shifts the burden of producing evidence to the defendant should be permitted.

. It is submitted that the present standard instruction, on voluntary intoxication could be amended by adding a slightly reworded paragraph from the standard instruction on insanity. The slightly reworded paragraph would read as follows:
All persons are presumed to have the ability to form the specific intent required to commit (offense alleged). However, if the evidence causes you to have a reasonable doubt concerning the defendant’s ability to form the required specific intent, then the presumption of the defendant’s ability to form the required specific intent vanishes and the state must prove beyond a reasonable doubt that the defendant had the ability to form the required specific intent.