PER CURIAM.
Caribbean Treasure Salvage, Inc., (CTS), attempts to seek non-final review of the trial court’s denial of CTS’s motion to dismiss a forfeiture action. We treat this as a petition for certiorari and deny relief because CTS has failed to demonstrate irreparable harm which cannot be remedied on plenary appeal.
Certiorari relief is inappropriate absent a showing that the complained-of error will cause irreparable harm which cannot be remedied on plenary appeal. See State ex rel. Bludworth v. Kapner, 394 So.2d 541 (Fla. 4th DCA 1981); Briggs v. Salcines, 392 So.2d 263 (Fla.2d DCA 1980), review denied, 397 So.2d 779 (Fla.), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). Furthermore, “the time, trouble and expense of going through an unnecessary trial are not the kind of material injuries which are sufficient to justify invocation of a district court’s certiorari jurisdiction.” United States Fidelity & Guaranty Co. v. Graham, 404 So.2d 863, 864 (Fla. 4th DCA 1981), petition for review dismissed, 419 So.2d 1201 (Fla.1982), review denied sub nom. Caldwell-Scott Construction Co. v. Graham, 419 So.2d 1195 (Fla.1982). Since the trial court's action herein will not cause irreparable damage and is amenable to review on plenary appeal, we deny certiorari. At the same time, and in the interest of judicial economy, we direct the trial court’s attention to our opinion in In re Forfeiture of One Cessna 337H Aircraft, 475 So.2d 1269 (Fla. 4th DCA 1985).
CERTIORARI DENIED.
ANSTEAD, LETTS and HURLEY, JJ., concur.