506 So.2d 1052 (1987)
Henry FISHER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 85-2965.
District Court of Appeal of Florida, Second District.
March 6, 1987.
As Modified on Motion for Clarification May 1, 1987.
*1053 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Henry Fisher, Jr., appeals the trial court's denial of his motions for judgment of acquittal. We reverse.
The state charged Fisher with aggravated battery, resisting an officer without force, and two counts of resisting an officer with force. Fisher filed a timely notice of intent to rely on the defense of insanity. Pursuant to Florida Rule of Criminal Procedure 3.216, the trial court appointed two clinical psychologists to examine him.
The evidence at jury trial revealed that defendant hit a young woman with a stick, injuring her as she was crossing a street. When officers confronted the defendant, he backed into a lake. As the officers pursued him with a K-9 dog, the defendant retreated into a tree. There he remained screaming until taken into custody by the officers, over his forceful resistance.
During its case in chief, the state presented no evidence bearing on the defendant's sanity other than testimony of his actions. The evidence that was presented tended to support rather than refute the defendant's claim of insanity. At the close of the state's case, the defendant moved for judgment of acquittal on all counts. The trial court directed judgments of acquittal for resisting an officer without force and one count of resisting an officer with force, ruling that the state had failed to present a prima facie case as to those charges.
During the defendant's case in chief, the two psychologists who had examined the defendant were received as expert witnesses. Each testified that Fisher was legally insane at the time of the offenses. They opined that he could not distinguish right from wrong, and because he was unable to ascertain reality, he was acting in what he thought to be self defense. At the close of the defendant's case, the state offered no rebuttal evidence as to the claim of insanity. The defendant then moved for judgments of acquittal on the remaining charges but, this time, on the basis that the state had failed to prove his sanity beyond a reasonable doubt. The trial court denied the defendant's motions and the jury ultimately found the defendant guilty of aggravated battery and the remaining charge of resisting an officer with violence. The trial court adjudged defendant guilty and sentenced him to three years in prison for the aggravated battery offense and five years consecutive probation on the resisting an officer charge. This appeal ensued.
We find no error in the trial court's ruling that the state had established a prima *1054 facie case in the two remaining charges of aggravated battery and resisting an officer with force. We think, however, there is merit to the defendant's contention that the trial court erred in failing to direct judgments of acquittal on the issue of insanity.
In Florida a person is presumed sane, and in a criminal prosecution, the burden is on the defendant to present evidence of insanity. Preston v. State, 444 So.2d 939 (Fla. 1984). Where the defendant introduces evidence sufficient to present a reasonable doubt of sanity, the presumption of sanity vanishes and the accused's sanity must be proven beyond a reasonable doubt by the state. Yohn v. State, 476 So.2d 123 (Fla. 1985); Walker v. State, 479 So.2d 274 (Fla. 2d DCA 1985). If the state does not overcome the reasonable doubt, the defendant is entitled to acquittal. Sirianni v. State, 411 So.2d 198 (Fla. 5th DCA 1981).
In Florida, the test for insanity as a defense to a criminal charge is whether at the time of the offense the defendant had a mental infirmity, disease, or defect and, as a result, did not know what he was doing or did not know what he was doing was wrong. State v. McMahon, 485 So.2d 884 (Fla. 2d DCA 1986). This is a modified version of the M'Naghten Rule. See Wheeler v. State, 344 So.2d 244 (Fla. 1977).
The two psychologists testified that the defendant was insane at the time of the offenses. Their testimony was not impeached. Thus, the defendant presented sufficient evidence to create a reasonable doubt as to his sanity. The state failed to introduce any lay or expert evidence addressing the issue of the defendant's sanity. Thus, it failed in its burden of proving the defendant's sanity beyond a reasonable doubt.
We recognize that sanity is a question of fact for determination by the jury. Holmes v. State, 374 So.2d 944 (Fla. 1979). Furthermore, expert testimony is not binding on the trier of fact. Cronin v. State, 470 So.2d 802 (Fla. 4th DCA 1985). However, because the state failed to present any evidence addressing the issue of the defendant's sanity the trial court erred in failing to direct a verdict of not guilty by reason of insanity. Consequently, we reverse the denial of the motion for judgment of acquittal on basis of insanity.
Ordinarily, a defendant who successfully moves for judgment of acquittal is entitled to discharge. However, acquittal by reason of insanity requires different treatment. In such a circumstance the trial judge may: "(1) discharge the defendant; (2) order outpatient treatment at a specific appropriate facility; or (3) commit the defendant to the Department of Health and Rehabilitative Services facilities for involuntary hospitalization." State v. Vigil, 410 So.2d 528, 530 (Fla. 2d DCA 1982). See also § 916.15, Fla. Stat. (1985); Fla.R. Crim.P. 3.217. Therefore, we deem it inappropriate to direct the trial judge to discharge the defendant. Instead, we remand this case to the trial court for a determination of the proper disposition as outlined herein.
DANAHY, C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.