528 So.2d 529 (1988)
STATE of Florida, Appellant,
v.
Gary VAN HORN, Appellee.
No. 87-1348.
District Court of Appeal of Florida, Second District.
July 20, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Allen Giambalvo, Asst. Public Defender, Clearwater, for appellee.
FRANK, Judge.
In responding to the state's appeal from an order granting Van Horn's motion for a judgment of not guilty by reason of insanity, we need not recount the extensive testimony of the lay and expert witnesses, the details associated with the homicide, or the events preceding the trial. The great pains taken by the trial court in evaluating the evidence and the pertinent legal doctrines have not gone unnoticed. Nonetheless, the wrong result was reached, and we reverse the trial court's order.
Van Horn's guilt as the actor in the commission of the homicide was undisputed before the trial court and her motion for a judgment of acquittal at the close of the state's evidence was properly denied. Van Horn's defense, in its entirety, consisted of a claim of insanity grounded upon her testimony, that of her stepmother, an attorney and several experts in the fields of psychiatry and psychology. Her expert witnesses generally agreed that she was insane at the time of the offense because of a delusional state induced by paranoid schizophrenia. At the close of Van Horn's defense, the state offered the testimony of two lay rebuttal witnesses, police personnel, whose testimony portrayed Van Horn's post-arrest behavior as normal. Thereafter, Van Horn sought a judgment of acquittal by reason of insanity. The trial court reserved ruling on the motion and the case was submitted to the jury. The jury was unable to reach a verdict and the trial court declared a mistrial. An order was subsequently entered granting Van Horn's motion *530 for a judgment of acquittal. Following the state's unsuccessful motion for rehearing, the trial court ordered Van Horn's involuntary commitment, and the state timely appealed.
It is a well settled aspect of Florida's jurisprudence that the defense of insanity presented by evidence sufficient to create in the minds of the jurors a reasonable doubt of sanity displaces the presumption of sanity; at that point the burden falls to the state to establish the defendant's sanity. Yohn v. State, 476 So.2d 123, 126 (Fla. 1985). In seeking to determine if the state has fulfilled that burden, at least to the extent of generating a jury question, our supreme court's recent comment in Garron v. State, 528 So.2d 910 (Fla. 1988) is particularly pertinent to the present matter:
A lay witness, testifying on his or her personal observation as to a defendant's sanity, must have gained this personal knowledge in a time period reasonably proximate to the events giving rise to the prosecution. Thus, the opinion testimony as to the appellant's sanity could only come from those whose personal observation took place either at the shooting or in close time proximity thereto.
See also State v. McMahon, 485 So.2d 884 (Fla. 2d DCA 1986), rev. denied, 492 So.2d 1333 (Fla. 1986). It is our judgment that the testimony of the state's rebuttal witnesses, albeit they are laymen admittedly without training or expertise in the field of psychological aberrancy, provided probative perceptions of normalcy formed upon Van Horn's arrest and immediately subsequent incarceration.
It is reasonable to conclude from the jury's inability to reach a verdict that the totality of the lay testimony had an effect upon the subject of Van Horn's sanity. "Expert testimony, even when uncontradicted, is not conclusive on the issue of sanity and the trier of fact may find such testimony adequately rebutted by the observations of laymen." State ex rel. Bludworth v. Kapner, 394 So.2d 541, 543 (Fla. 4th DCA 1981) (emphasis added). Thus, this case is unlike Fisher v. State, 506 So.2d 1052 (Fla. 2d DCA 1987), where we held that the trial court should have directed a verdict of not guilty by reason of insanity. In Fisher, the state presented no evidence bearing on the issue of sanity, and the testimony the state adduced regarding the defendant's actions "tended to support rather than refute the defendant's claim of insanity." Id. at 1053. The trial court also failed effectively to distinguish this case from McClain v. State, 327 So.2d 106 (Fla. 1st DCA 1976), in which the state presented evidence, much like that found in the present record as a part of the state's case-in-chief, of the defendant's purpose to evade detection and indicating normal and lucid conduct following the crime. The trial court's valid observation that the characterization of a witness as a "rebuttal" witness turns on the nature of the testimony and not upon the stage of the trial at which the witness testifies appears from the order we have reviewed to have been ignored. The testimony of the lay witnesses offered by the state in its threshold proof of the homicide revealed Van Horn's planning of the crime, her preparation and disposal of the murder weapon, and other manifestations of rational conduct  factors which the jury could assess as bolstering the testimony of the rebuttal witnesses. Based upon the foregoing analysis, after declaring a mistrial, the trial court, rather than entering a judgment of not guilty by reason of insanity, should have allowed a successor jury to determine whether the state proved beyond a reasonable doubt that Van Horn was sane when she committed the crime. See State v. Sherrod, 383 So.2d 752 (Fla. 4th DCA 1980).
Reversed and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and LEHAN, J., concur.