726 So.2d 345 (1999)
Edward GRYCZAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1057
District Court of Appeal of Florida, Fourth District.
January 27, 1999.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
STONE, C.J.
We affirm Appellant's conviction and sentence for first-degree premeditated murder of his mother. Appellant asserts that the evidence of his insanity entitles him to a judgment of acquittal. He also argues that *346 the admission of gruesome photographs entitles him to a new trial.
Prior to the murder, Appellant had been undergoing psychiatric treatment at the Veteran's Administration (VA) hospital. He was discharged with a regimen of medication. In the course of the homicide, he choked the victim almost to death, stabbed her and cut her throat. He then wrapped the victim in a plastic bag and left her in the bedroom for several days while he used her ATM credit card and pawned her jewelry to get money for crack cocaine. Appellant eventually attempted suicide and called "911" to report his mother's death and his attempted suicide.

INSANITY DEFENSE
Appellant called several expert witnesses to testify as to his defense of insanity; all agreed that he suffered from a mental illness. A psychiatrist and a registered nurse from the VA hospital testified as to Appellant's mental illness without rendering an opinion as to whether he understood the nature and consequences of his act or whether he appreciated the difference between right and wrong. A neuro-psychologist, who was brought in to determine whether Appellant suffered from organic brain disorder, found that none existed but rendered an opinion that Appellant understood the nature and consequences of his act; however, he could not tell right from wrong. In addition to these experts, both a forensic psychiatrist and a forensic psychologist testified that Appellant understood the nature and consequences of his act. The psychiatrist found that it was a "close case" on whether Appellant could understand and appreciate the difference between right and wrong, but the psychologist opined that Appellant was unable to understand the wrongfulness of his conduct.
On rebuttal, the state called Dr. Martin, the psychiatrist who treated Appellant in the jail pending trial. Dr. Martin is not a forensic psychiatrist, but stated that he had no reason to believe that Appellant did not know the difference between right and wrong at the time of the murder.
The test for insanity in Florida is whether, at the time of the offense, the defendant "had a `mental infirmity, disease or defect' and as a result, did not know what he was doing or did not know that what he was doing was wrong." State v. McMahon, 485 So.2d 884 (Fla. 2d DCA 1986) (quoting Fla. Std. Jury Inst. (Crim.) 3.04(b)). A criminal defendant is presumed sane; however, once he presents evidence as to insanity, the burden is on the state to prove sanity beyond a reasonable doubt. Yohn v. State, 476 So.2d 123 (Fla.1985).
It is well settled that sanity is a question for the trier of fact to be determined from all of the evidence, and that expert testimony is not conclusive on the issue of sanity. State ex rel. Bludworth v. Kapner, 394 So.2d 541 (Fla. 4th DCA 1981); State v. Van Horn, 528 So.2d 529 (Fla. 2d DCA 1988). The state need not offer opinion evidence in rebuttal and may satisfy its burden by relying simply on lay witnesses' testimony as to their perceptions of the defendant's sanity. Van Horn, supra; McClain v. State, 327 So.2d 106 (Fla. 1st DCA 1976).
In this case, despite extensive defense evidence of insanity, it was not conclusive. The defense experts were not in agreement as to whether Appellant understood the nature and consequence of his act or whether he understood right from wrong. Furthermore, the state presented an expert witness who "had no reason to believe that defendant did not know the difference between right and wrong." The state also rebutted the defense of insanity by showing that Appellant's actions with regard to the use of his mother's ATM credit card and pawned jewelry were consistent with sanity and not insanity.
We have considered, but deem inapposite, Farrell v. State, 101 So.2d 130 (Fla.1958) and Fisher v. State, 506 So.2d 1052 (Fla. 2d DCA 1987), recognizing that where the state offers no evidence in rebuttal and its evidence supports, rather than refutes, the claim of insanity, the trial court should direct a verdict of not guilty by reason of insanity. Here, the question of sanity was clearly for the trier of fact.

*347 PHOTOGRAPHS

Two 3×5 color photographs of the deceased were admitted into evidence; one is a close up of the knife wound and the other depicts stab wounds to the deceased's torso. Both photographs show the decomposition of her body and the presence of maggots. The medical examiner testified that the photographs would aid and assist him in explaining the nature of the injuries that caused the victim's death and that none of the other photographs depict the injuries in the same manner. The medical examiner stated that the jury would have a greater chance of understanding the testimony with the photographs. Upon admission of the photographs into evidence, the trial judge gave the following limiting instruction:
Court: Additionally, the Court would instruct the jury with regard to these two specific exhibits, that being 41 and 42, that they are being admitted strictly to help illustrate the testimony of the medical examiner and for that purpose only.
The medical examiner used the photographs in explaining his testimony.
The trial court's decision to admit gruesome photographic evidence will not be reversed absent a clear showing of abuse of discretion. Gudinas v. State, 693 So.2d 953 (Fla.), cert. denied, 519 U.S. 1123, 118 S.Ct. 345, 139 L.Ed.2d 267 (1997). Gruesome photographs are admissible where they are helpful to the medical examiner's testimony, to explain the cause of death. Pope v. State, 679 So.2d 710 (Fla.1996), cert. denied, 519 U.S. 1123, 117 S.Ct. 975, 136 L.Ed.2d 858 (1997); Larkins v. State, 655 So.2d 95 (Fla. 1995). The testimony of the medical examiner in this case shows that the photographs were helpful to his explanation and the jury's understanding of the cause of death in this case.
We note that Appellant argues that the photographs were not relevant, as he stipulated at trial to identity and cause of death. However, regardless of the stipulation, the state is not relieved of the burden of proving the elements of defendant's guilt. See Engle v. State, 438 So.2d 803 (Fla.1983). The fact that the photographs were small in number and size, were relevant because they were helpful to the medical examiner's testimony, and that the trial court screened the photographs and gave a limiting instruction to the jury, lead us to conclude that the trial court did not abuse its discretion in admitting the photographs.
Therefore, the judgment and sentence are affirmed.
POLEN and STEVENSON, JJ., concur.