820 So.2d 997 (2002)
Mark G. BOURRIAGUE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D01-2246, 1D01-2426.
District Court of Appeal of Florida, First District.
June 20, 2002.
*998 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lyle Rivera, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Mark Bourriague, the defendant in the trial court, appeals from two final judgments and sentences. In Holmes County, the defendant was found guilty of felony aggravated fleeing or attempting to elude an officer and reckless driving. In Washington County, he was found guilty of attempted second-degree murder and leaving the scene of an accident involving injury. Both cases were non-jury trials before the same judge. We are faced with two issues on appeal: 1) Whether the trial court erred in finding the defendant guilty where the relevant evidence established a reasonable doubt as to the defendant's sanity at the time of the incident, and 2) whether the trial court erred in applying the wrong legal standard in determining whether the defendant was not guilty by reason of insanity. We reject the first claim, but we reverse and remand for new trials as to the second issue.
In criminal prosecutions a person is presumed sane, and the burden is on the defense to present evidence of insanity. Hall v. State, 568 So.2d 882, 885 (Fla. 1990). If a defendant introduces evidence sufficient to create a reasonable doubt about sanity, the presumption of sanity vanishes and the state must prove the defendant's sanity beyond a reasonable doubt. Id. If the state does not overcome a reasonable doubt, the defendant is entitled to an acquittal. Fisher v. State, 506 So.2d 1052, 1054 (Fla. 2d DCA 1987).
Appellant introduced evidence to create a reasonable doubt about his sanity by the expert testimony of three doctors *999 that he was not legally sane at the time of the offense. The state rebutted evidence of defendant's sanity through the testimony of Trooper Brown, who testified that appellant tried to avoid capture by 1) braking suddenly, forcing Trooper Brown to pass him; 2) purposely ramming the rear of the patrol car to disable it; 3) swerving in an attempt to strike the vehicle of a sheriff's deputy waiting on the side of the road; 4) intentionally striking a civilian's vehicle; 5) continuing to flee after the tires on his vehicle were disabled; and 6) running on foot to avoid apprehension after his vehicle came to a complete stop.
In Fisher v. State, 506 So.2d 1052 (Fla. 2d DCA 1987) and Gryczan v. State, 726 So.2d 345 (Fla. 4th DCA 1999), the courts recognized that lay testimony concerning a defendant's actions may be sufficient to meet the state's burden of proving that the defendant is sane beyond a reasonable doubt.[1] In the instant case, there was detailed testimony from Trooper Brown concerning the defendant's attempts to elude arrest. The trier of fact could interpret this evidence as being inconsistent with appellant's assertions of insanity. Thus, it was unnecessary to obtain specific opinion evidence concerning sanity.
We must reverse the convictions, however, because the trial judge applied the wrong legal standard in determining appellant's guilt. At the first trial in Holmes County, in response to appellant's second motion for directed verdict, the court stated:
At this time, the Court is going to find that the Defense has not proven beyond a reasonable doubt that Mr. Bourriague was insane at the time this office [sic] was committed; specifically finding that it is not rebutted the assumption of sanity that normally attaches to the defendants.
The court further confused the issue in response to defense counsel's objections to its finding by stating,
I'm not sure. I see it in the converse. There's a presumption of sanity. If you showIt says you have to find that he was insane beyond a reasonable doubt.
The court later stated,
To make the record clear then, I'm prepared to find that I did not find beyond any reasonable doubt as to his sanity at the time of the offense.
Finally, the court stated,
My finding was that I don't believe it was established to my satisfaction beyond a reasonable doubt that he was insane. Therefore based on the other evidence that was presented as to the actual events, I find that he is guilty as he was charged in the Information and in the two counts. Is that clearer?
At appellant's second trial, in Holmes County, the court stated that it was finding "as I did in the first trial" that appellant was sane at the time of the offense. After the presumption of sanity is rebutted, it is the state's burden, not the defendant's, to meet the reasonable doubt standard. See Hall v. State, 568 So.2d 882 (Fla.1990). In light of the confusion of the trial judge as to the correct legal standard *1000 at the first trial, we feel these cases must be reversed for new trials.
KAHN and BENTON, JJ., concur.
NOTES
[1] In Fisher there was testimony that the defendant was insane at the time of the offense and testimony concerning defendant's actions at the time of the incident and immediately thereafter. The second district found that the state's evidence as to the defendant's actions was not inconsistent with the defendant's claim of insanity. To the extent that Fisher can be read to require lay or expert opinion evidence by the state as to the defendant's sanity, we decline to follow it.