KLEIN, J.
Appellant was found guilty of attempted murder on a law enforcement officer and attempt to deprive an officer of his weapon. He argues that the state failed to rebut expert evidence of his insanity, and that the court should therefore have granted his motion for judgment of acquittal. We conclude that, although the state had no expert, the trial court properly left the issue for the jury to determine.
The incident occurred after appellant asked a nurse in a hospital emergency room why it was taking so long for him to be seen and a police officer attempted to calm him down. After speaking with appellant, the officer walked away, and appellant tackled him from behind and attempted to get the officer’s pistol which was in a holster. During the struggle appellant stated that he was going to kill the officer. After several minutes of this a nurse injected appellant with a drug commonly given to patients who are acting uncontrollably.
In his taped statement to a detective, appellant said that he had been hallucinating and that he had schizophrenia. He understood that he was being arrested for getting into a fight with the officer.
At trial appellant presented the testimony of three psychologists who all testified that appellant was insane at the time of the offense. One of them testified he was suffering from delusions, had complained in the past of hearing voices, and in this incident he was not really attempting to kill the.officer, but rather attempting to kill himself. On cross-examination this witness admitted she had relied on documents provided solely by the defense and had not given appellant any formal psychological tests. She was unable to rule out *1186 anti-social personality disorder, which is not the same as legal insanity.
Another defense expert testified that appellant was a paranoid schizophrenic. He had previously clinically evaluated appellant six- years earlier for the purpose of obtaining disability benefits.
The third expert testified that at the time of the incident appellant was under the influence of delusions and hallucinations so that' he could not differentiate between right and wrong and that he was legally insane.1 She conceded on cross-examination that the diagnostic criteria for anti-social personality disorder would also apply to appellant. She acknowledged that a person with anti-social personality disorder can be legally sane and that a common symptom of the disorder is striking out at authority.
The trial court had appointed all of these experts to determine whether appellant was competent ,to stand trial, and he was found to be competent to be tried.
Appellant’s argument is that because the state did not put on any experts to testify that he was not insane, the trial court should have granted his motion for judgment of acquittal. He relies primarily on Fisher v. State, 506 So.2d 1052 (Fla. 2d DCA 1987) and Farrell v. State, 101 So.2d 130 (Fla.1958), in which the state offered no evidence to rebut insanity, and the defendant was granted a judgment of acquittal based on insanity.
In Bourriague v. State, 820 So.2d 997 (Fla. 1st DCA 2002), the only experts to testify were three defense witnesses who rendered opinions that the defendant was legally insane. The court, however, found that the lay testimony of a trooper, giving a detailed description of how the defendant attempted to' elude arrest while driving his automobile, was sufficient for the jury to find the defendant not insane, even though the state had not put on any experts. See also Gryczan v. State, 726 So.2d 345 (Fla. 4th DCA 1999); Bludworth v. Kapner, 394 So.2d 541 (Fla. 4th DCA 1981); State v. VanHorn, 528 So.2d 529 (Fla. 2d DCA 1988).
In the present case the state points out that in addition to the testimony of the sergeant who was attacked, there was the testimony of five nurses who were all in the emergency room and witnessed the attack. They testified as to the defendant’s actions and his statements, including the fact that after he had been, subdued, he apologized for the attack. The state , also notes that the experts who testified that appellant was insane were not aware of his history of committing other violent crimes. Appellant was sentenced as a habitual violent felony offender.
We agree with the state that the testimony of the witnesses, as well as the cross-examination of the defendant’s experts, amounted to sufficient evidence from which the jury could have found against appellant on the issue of insanity. We accordingly affirm.
STEVENSON and SHAHOOD, JJ., concur.