KLEIN, J.
Respondent, who is charged with second degree murder for the stabbing death of his roommate, has raised the defense of insanity. A mental health expert privately retained by respondent concluded that he was insane. On respondent’s motion in limine, the trial court ruled that the state could not elicit testimony from this expert as to what the respondent told the expert about the offense, because it would violate his Fifth Amendment privilege against self-incrimination. The state seeks certio-rari review, and we grant the petition.
The trial court’s ruling was apparently based on Parkin v. State, 238 So.2d 817 (Fla.1970); however, we find it distinguishable. In Parkin, the defendant was *1214 charged with first degree murder of her husband and, after she served notice of her intent to rely on an insanity defense, the court appointed two psychiatrists to examine her. She refused to answer any questions, citing self-incrimination, and the trial court ruled that, unless she cooperated with the court’s experts, her independent experts would not be permitted to testify. The case found its way to the Florida Supreme Court, which held that where the facts surrounding the crime have been elicited-from the defendant during a compulsory mental examination, those facts are protected by the privilege against self-incrimination, unless the defense opens the door to that area.
The state argues, and we agree, that Parkin is distinguishable because in Parkin the examination of the defendant was compulsory. Rule 3.216(d) authorizes compulsory examination by experts to determine the sanity of a defendant. In this case, the expert was selected by the respondent, and the examination was not compulsory. Parkin, accordingly, provides no privilege against self-incrimination. Nor is there a psychotherapist-patient privilege, where, as here, the patient is relying on a mental condition as a defense. § 90.503(4)(c), Fla. Stat. (2006). The court therefore erred in granting the motion in limine.
In State v. Pettis, 520 So.2d 250 (Fla.1988), our supreme court held that the state can seek certiorari review of pretrial orders excluding evidence which substantially impairs the state’s ability to prosecute. Under section 775.027(2), Florida Statutes (2000), the burden of proving the defense of insanity is on the defendant.[1] The trial court’s ruling in this case, by restricting what the state can elicit from respondent’s expert, does substantially impair prosecution under Pettis, and we accordingly grant the petition as to respondent’s privately retained expert.
We deny the petition as to the state’s expert, because the state conceded in the trial court that it could not rely on any admissions respondent made to him about the crime, unless respondent opened the door.
GUNTHER and SHAHOOD, JJ., concur.

. Section 775.027(2), which became effective in 2000, changed the burden of proof for the defense of insanity. Florida Standard Criminal Jury Instruction 3.6(a) conforms to section 775.027(2). Yohn v. State, 476 So.2d 123 (Fla.1985), which put the burden on the state to prove that the defendant was sane, is no longer good law.