*588
 
 LEVINE, J.
 

 Appellant appeals his conviction for first-degree murder and aggravated battery of an individual over sixty-five years of age, claiming that the trial court erred in denying his motion for judgment of acquittal. We find the trial court did not err, and we affirm appellant’s conviction and sentence.
 

 On Christmas Eve in 2006, Fort Lauder-dale police responded to a residence where they found Elois Joseph, appellant’s father, dead from three stab wounds to his back. Appellant’s mother, Marie Joseph, was battered and found completely covered in blood. Around the same time, a neighbor saw appellant covered in blood in the driver’s seat of her son’s car. The neighbor ordered appellant out of the car, and he complied and ran towards his house.
 

 Shortly thereafter, a few police officers standing in front of the Joseph household noticed a naked male peering out the front door. The police entered the house and found appellant locked in a bedroom. Appellant shouted, “Shoot me, shoot me. I’m gonna come out.” Appellant came out of the bedroom and was placed in custody.
 

 At trial, there was evidence that appellant, in the weeks before the incident, believed that his mother was practicing Voodoo. Appellant’s mother had him admitted to a hospital, stating that her son “was not in his right mind.” Appellant’s girlfriend testified that appellant was acting “weird,” but she did not think he needed mental health treatment. Nevertheless, she also testified that appellant believed that his mother was placing a spell on him and trying to harm his newborn baby. During the birth of the child, appellant spoke “gibberish,” undressed, and ran through the hospital naked. Appellant told his girlfriend that he finally remembered killing his father, but he was not in control of his actions.
 

 During appellant’s case, three experts testified that appellant was insane at the time of the murder of his father. Dr. Christopher Fichera concluded that, as a result of appellant’s psychotic behavior, appellant could not appreciate “the wrongfulness of his actions.” Dr. Ross Seligson also testified that appellant suffered from paranoid schizophrenia and did not understand the consequences of his actions. Finally, Dr. Suzanne Mignone also diagnosed appellant as a paranoid schizophrenic who was legally insane at the time of the murder of his father.
 

 In rebuttal, the state offered the testimony of Dr. Michael Brannon, who testified that appellant was sane at the time of the murder. Dr. Brannon opined that appellant’s behavior was due to the consumption of ecstasy and other drugs, and appellant’s behavior was not indicative of mental illness. Dr. Brannon did not believe appellant suffered from paranoid schizophrenia but was in fact malingering.
 

 Appellant moved for a judgment of acquittal on the basis that the “evidence presented to the jury establishes, at best, a circumstantial evidence case of his involvement.” Appellant sought a reduction in the charge to second-degree murder, claiming there was no evidence to support “premeditation.” The trial court denied the motion for judgment of acquittal, and this appeal ensues.
 

 The trial court’s ruling on the motion for judgment of acquittal is reviewed de novo on appeal.
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). “A court should grant a motion for judgment of acquittal only if ‘the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.’”
 
 Turner v. State,
 
 29 So.3d 361, 364 (Fla. 4th DCA
 
 *589
 
 2010) (citation omitted). As the
 
 Turner
 
 court further explained:
 

 Generally, an appellate court will not reverse a conviction supported by competent substantial evidence. “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”
 

 Id.
 
 (citations omitted).
 

 In the present case, appellant disputes that the record contains competent substantial evidence that he was sane at the time of the commission of the crime. In Florida, “a person is presumed sane, and, in a criminal prosecution, the burden is on the defendant to present evidence of insanity.”
 
 Hall v. State,
 
 568 So.2d 882, 885 (Fla.1990). The state is not required to offer any evidence of the sanity of the defendant, inasmuch as the burden rests entirely with the defendant.
 
 State v. Rogers,
 
 955 So.2d 1213, 1214 (Fla. 4th DCA 2007).
 

 In the present case, appellant argues that the evidence presented by his girlfriend, his mother, and three expert witnesses all buttress his argument that he was insane at the time of the commission of the murder. Despite the evidence presented by appellant, the state also introduced evidence from its own expert witness who opined that appellant was not insane but acting as a result of the effects of substance abuse. The state also introduced evidence that appellant was trying to flee the scene in the car of the neighbor’s son.
 

 The evidence presented by the state, that appellant was sane at the commission of the crime and that his conduct was as a result of substance abuse, lies in contrast with the evidence presented by appellant that he was insane at the time of the commission of the crime. Whether to believe the state or the defense theory of the case is the essence of a jury question. Appellant was not entitled to a judgment of acquittal since the state presented competent substantial evidence to sustain the conviction.
 
 [1]
 

 In summary, we find there is sufficient evidence for the jury to have found appellant sane at the time of the offenses, and we affirm the conviction and sentence.
 

 Affirmed.
 

 MAY, C.J., and DAMOORGIAN, J„ concur.
 

 [1]
 

 . Even in a case where the state put on no expert witness to counter three defense expert witnesses, this court has found that "the testimony of [lay] witnesses, as well as the cross-examination of the defendant's experts, amounted to sufficient evidence from which the jury could have found against appellant on the issue of insanity.”
 
 Butler v. State,
 
 891 So.2d 1185, 1186 (Fla. 4th DCA 2005).